UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF MICHIGAN REGIONAL COUNCIL OF
CARPENTERS' EMPLOYEE BENEFITS FUND;
TRUSTEES OF MICHIGAN REGIONAL COUNCIL OF
CARPENTERS' ANNUITY FUND; TRUSTEES OF
CARPENTERS' PENSION TRUST FUND - DETROIT
AND VICINITY; TRUSTEES OF THE DETROIT
CARPENTRY JOINT APPRENTICESHIP AND
TRAINING FUND; TRUSTEES OF THE MICHIGAN
FUND FOR THE ADVANCEMENT OF THE
CARPENTRY TRADE; TRUSTEES OF THE
CARPENTERS' LABOR MANAGEMENT
PRODUCTIVITY AND TRAINING FUND; TRUSTEES
OF THE CARPENTERS' GUARANTY FUND;
TRUSTEES OF THE CARPENTERS' STEWARD
FUND; TRUSTEES OF THE CARPENTERS'
INDUSTRY ADVANCEMENT FUND; TRUSTEES OF
THE CARPENTERS' SUPPLEMENTAL INSURANCE
BENEFITS FUND; TRUSTEES OF SPECIAL
ASSESSMENT FUND; TRUSTEES OF BUILDING
FUND; TRUSTEES OF U.B.C. FUNDS; TRUSTEES OF
CARPENTERS APPRENTICESHIP REIMBURSMENT
FUND; THE MICHIGAN REGIONAL COUNCIL OF
CARPENTERS, UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA;

     Plaintiffs,

vs.

                                           Case No.
                                           Hon.

DuVALL CONSTRUCTION, L.L.C., a Michigan
Limited Liability Company, and MARK DuVALL, an
individual, jointly and severally,

     Defendants.

_____/

## COMPLAINT

Plaintiffs complain against Defendants as follows:

1.     The Trustees of the Michigan Regional Council of Carpenters' Employee Benefits Fund;

Trustees of the Michigan Regional Council of Carpenters' Annuity Fund; Trustees of the

Carpenters' Pension Trust Fund – Detroit and Vicinity; Trustees of the Detroit Carpentry

Joint Apprenticeship and Training Fund; Trustees of the Michigan Fund for the

Advancement of the Carpentry Trade; Trustees of the Carpenters' Labor Management Productivity and Training Fund; Trustees of the Carpenters' Guaranty Fund; Trustees of the Carpenters' Steward Fund; Trustees of the Carpenters' Industry Advancement Fund; Trustees of the Carpenters' Supplemental Insurance Benefits Fund; and the Michigan Regional Council of Carpenters; Trustees of Special Assessment Fund; Trustees of Building Fund; Trustees of U.B.C. Funds; Trustees of Carpenters Apprenticeship Reimbursement Fund; United Brotherhood of Carpenters and Joiners of America (collectively "the Funds") are each a jointly-trusted fund established pursuant to Section 302 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Section 186 and Section 302 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sections 1132 and 1145, and bring this action on behalf of their individual participants.

2.     The Michigan Regional Council of Carpenters is a labor organization, as defined in Section 451 of the National Labor Relations Act, 29 U.S.C. § 152 (5), with its principal place of business located at 3800 Woodward Avenue, Suite 1200, Detroit, Michigan 48201.

3.     Upon information and belief, Defendant DuVall Construction, L.L.C. is a company duly formed and doing business in the State of Michigan, and is located at 1217 State Street, Algonac, Michigan 48001.

4.     Upon information and belief, Defendant Mark DuVall is an owner and/or officer of DuVall Construction, L.L.C., and is doing business at 1217 State Street, Algonac, Michigan 48001.

5.     Jurisdiction of this Court is founded on Section 301(a) of the LMRA, as amended, 29 U.S.C. Section 185(a) and Sections 502 and 515 of ERISA, 29 U.S.C. Section 1132 and 1145, as amended by the Multiemployer Pension Plan Amendment Act of 1980

("MPPAA") and Federal common law.  This Court also has supplemental jurisdiction of any state-law claims ancillary to the relief sought herein.

## COUNT I
## ERISA: DELINQUENT CONTRIBUTIONS

6.    Plaintiffs hereby incorporate by reference each allegation contained in Paragraphs 1 through 5 of their Complaint as fully set forth herein.

7.    Pursuant to the collective bargaining agreements between DuVall Construction, L.L.C. and the Union, DuVall Construction, L.L.C. agreed to make employee fringe benefit contributions to the Funds for each employee covered by the collective bargaining agreements ("Employees") and to be bound by the terms and conditions set forth in the Funds' Trust Agreement (the "Agreement").  A copy of the collective bargaining agreement signature pages and applicable records are attached hereto as **Exhibit 1**.

8.    The Funds are third-party beneficiaries of the collective bargaining agreements.

9.    Pursuant to the terms of the collective bargaining agreements and the Trust Agreement, DuVall Construction, L.L.C. is required to make timely fringe benefit contributions to the Funds and submit to an audit of its payroll records.

10.   DuVall Construction, L.L.C. has violated its contractual and statutory obligations by failing to make all of the fringe benefit contributions due on behalf of each employee covered by the collective bargaining agreements.

11.   The Funds have been damaged in such amount as will be determined by an audit to be conducted.

WHEREFORE, Plaintiffs request that the Court grant the following relief:

a.    Enter a judgment in the Plaintiffs' favor against DuVall Construction, L.L.C. for an amount found owing by said audit, together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and other sums as may become due or discovered to be due the Funds during the pendency of this action;

b.   That jurisdiction of this matter be retained, pending compliance with the Court's orders; and

c.   Any such other, further or different relief as may be just and equitable under the circumstances.

## COUNT II
### FAILURE TO PERMIT UPDATED AUDIT

12.   Plaintiffs hereby incorporate by reference each allegation contained in Paragraphs 1 through 11 of their Complaint as fully set forth herein.

13.   Pursuant to the terms of the CBA, DuVall Construction, L.L.C. is required to both pay monthly fringe benefit contributions **and** submit its pertinent books and records for an audit by the Funds, in order to verify the accuracy of said contributions.

14.   DuVall Construction, L.L.C. has violated its contractual and statutory obligations by failing to pay all of the fringe benefit contributions required by the CBA, **and** by failing to permit an updated audit of its records.

15.   The Funds have been damaged in an amount, as shall be verified and determined, by an updated audit.

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

a.   Enter a judgment in the Plaintiffs' favor against Defendant DuVall Construction, L.L.C. for an amount found as owing by said audit, together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and other sums as may become due or discovered to be due the Funds during the pendency of this action;

b.   Order that Defendant submit to an audit of its records to verify and update the amounts owing Plaintiffs;

c.   Any such other, further or different relief as may be just and equitable under the circumstances; and

d.   That jurisdiction of this matter be retained, pending compliance with the Court's orders.

## COUNT III
## BUILDERS TRUST FUND

16.    Plaintiffs hereby reallege and incorporate the allegations of Paragraphs 1 through 15 of their Complaint as fully set forth herein.

17.    Participants of the Funds were employed by DuVall Construction, L.L.C. to perform work on various construction projects in the State of Michigan.

18.    DuVall Construction, L.L.C. has failed to pay all of the fringe benefit contributions owed the Funds on said projects.

19.    The Michigan Building Contract Fund Act (the "Act"), MCLR 570.151 et seq., imposes a trust on funds paid to a building contractor with subcontractors and material men as beneficiaries of said trust.

20.    Under the Act, DuVall Construction, L.L.C. and Mark DuVall are fiduciaries and trustees for the Funds' participants, who are the beneficiaries of all monies paid to DuVall Construction, L.L.C. on said projects.

21.    Defendants have failed to pay over to the Funds the monies held in trust and covered by the Act, which are due the Plaintiffs.

WHEREFORE, Plaintiffs request that the Court grant the following relief:

    a.    Enter a judgment in the Plaintiffs' favor against Defendants DuVall Construction, L.L.C. and Mark DuVall, for an amount found as owing by said audit, together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due the Funds during the pendency of this action;

    b.    That jurisdiction of this matter be retained, pending compliance with the Court's orders; and

    c.    Any such other further or different relief as may be just and equitable under the circumstances.

## COUNT IV
## BREACH OF FIDUCIARY DUTIES

22.  Plaintiffs hereby reallege and incorporate the allegations of Paragraphs 1 through 21 of their Complaint as fully set forth herein.

23.  Participants of the Funds were employed by DuVall Construction, L.L.C. to perform work on various construction projects in the state of Michigan.

24.  DuVall Construction, L.L.C. has failed to pay all of the fringe benefit contributions owed the Funds on said project.

25.  DuVall Construction, L.L.C.'s unpaid contributions owed to the Funds became plan assets at the time they became due, within the meaning of ERISA §3(21)(A); 29 U.S.C. §1002(21)(A).

26.  Mark DuVall, as an owner and officer of DuVall Construction, L.L.C., personally exercised authority and control over DuVall Construction, L.L.C.'s unpaid fringe benefit contributions, which constitute assets of the Funds.

27.  Mark DuVall is a plan fiduciary due to his exercise of authority and control over the Funds' assets, within the meaning of ERISA §3(21)(A); 29 U.S.C. § 1002(21)(A).

28.  By directing that M.D.G. Enterprises. Inc.'s assets, which were owed to the Funds, be paid to other creditors instead of being deposited with the ERISA fringe benefits, Mark DuVall failed to discharge his fiduciary duties with respect to the plan solely in the interest of the participants and beneficiaries as required by ERISA §404(a)(1); 29 U.S.C. §1104(a)(1).

29.  As a result, Mark DuVall breached his fiduciary duties to the Funds and is personally liable to the Funds for such breaches.

30.  The Funds have been damages in an amount to be determined because of Mark DuVall's breach of fiduciary duty.

WHEREFORE, Plaintiffs request that the Court grant the following relief:

a.  Enter a judgment in the Plaintiffs' favor against Defendants DuVall Construction, L.L.C. and Mark DuVall for an amount found owing by said audit, together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and other sums as may become due the Funds during the pendency of this action;

b.  That jurisdiction of this matter be retained, pending compliance with the Court's orders;

c.  Enter a declaratory order finding that DuVall Construction, L.L.C. is bound by the collective bargaining agreement;

d.  Enter a judgment in the Plaintiffs' favor against Mark DuVall individually, for by no less than an amount found owing by said audit, together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due the Funds during the pendency of this action for the breach of his fiduciary duties to the Funds; and

e.  Any such other, further or different relief as may be just and equitable under the circumstances.

Respectfully submitted,

NOVARA TESIJA, P.L.L.C.

BY:/s/ Bryan M. Beckerman
      Bryan M. Beckerman (P51925)
      Attorneys for Plaintiffs
      2000 Town Center, Suite 2370
      Southfield, MI 48075-1314
      (248) 354-0380
      bmb@novaratesija.com

Dated: October 9, 2013
W:\FUNDS\mrcc\litigation\DuVall Construction\Pleadings\Complaint 10-3-13.doc